## In re Estate of McCloskey

*Randy P. Brungard,* for executrix.
*Brian K. Marshall,* for petitioner.

GRINE, *J.,* November 20, 2007—Presently before the court is a petition for award of elective share brought by

the petitioner, Ruth Ann McCloskey. Petitioner is asking for her marital elective share of the estate of her husband, Grover McCloskey (deceased). The executrix of the estate of Grover McCloskey is Grover McCloskey's daughter, Patsy Singer. A hearing on the matter was held and the parties were ordered to file briefs, findings of fact and conclusions of law. Counsel for both parties did so in a timely manner. After hearing testimony on the matter and reviewing the parties' briefs and findings of fact and conclusions of law the court grants petitioner's petition for award of elective share.

## FINDINGS OF FACT

(1) Decedent and petitioner were married on August 21, 1957.

(2) Decedent and petitioner are the parents of one child, Richard Miller, who was born prior to the marriage of decedent and petitioner.

(3) Decedent had a daughter, Patsy Singer (executrix) from his first marriage to Dorothy McCloskey.

(4) During the marriage, decedent and petitioner lived on a farm in Howard Township, Centre County, Pennsylvania.

(5) The farm was at all relevant times prior to March 27, 1996 titled solely in the name of Grover C. McCloskey.

(6) By deed dated March 27, 1996 and recorded on December 7, 2005, decedent conveyed the farm to himself and executrix as joint tenants with the right of survivorship.

(7) By deed dated January 25, 2006 and recorded on January 26, 2006 decedent and executrix as joint tenants with the right of survivorship, conveyed the farm to executrix individually.

(8) Decedent died on August 23, 2006, at the age of 81.

(9) From August 21, 1957 through and including decedent's date of death, decedent and petitioner remained, at all times, husband and wife.

(10) The marriage between decedent and petitioner was, at times, tumultuous.

(11) In mid-November 2005, petitioner left the farm and moved to Virginia where she lived with relatives for approximately one and one-half months.

(12) On or about December 30, 2005, petitioner returned to the farm and resumed co-habitation with decedent.

(13) On or about January 1, 2006 while decedent and petitioner were at the farm, a disagreement arose between the parties.

(14) Following this disagreement, petitioner moved from the farm and moved in with Glen and Lula Singer in Howard, Centre County, Pennsylvania.

(15) After several weeks of living with the Singers, petitioner moved in with her son, Richard Miller, in Bellefonte, Centre County, Pennsylvania.

(16) Petitioner faced several health problems while she lived with the Singers and her son.

(17) In June 2006, petitioner became a resident of Centre Crest Nursing Home in Centre County Pennsylvania.

(18) In August 2006, during the last few days of decedent's life, petitioner returned to the farm during the day to visit with decedent. Petitioner had to return to Centre Crest Nursing Home to stay overnight per the nursing home's rules.

(19) The decedent left a will leaving petitioner and his son, Richard Miller, each a sum of $1 and leaving the rest of his estate to executrix.

(20) On or about November 16, 2006, petitioner filed a timely election of spouse to take against will and conveyances with the Register of Wills of Centre County, Pennsylvania.

(21) At the time of his death, Grover McCloskey had $121 in cash and a checking account with Sovereign Bank with a balance of $7,056.23.

(22) The farm was appraised by John Curtin, who provided expert testimony at the time of trial claiming that the farm was valued at $3,000 per acre, or $333,000 total for the 111-acre farm.

(23) Executrix relied on the 1994 Centre County assessment for her valuation of the farm. Executrix claims the property is worth $105,130.

(24) Executrix did not have an independent assessment of the property performed, even though she was on notice that the petitioner was having one done.

## CONCLUSIONS OF LAW

(1) 20 Pa.C.S. §2203(a) states "Property subject to election.—Except as provided in subsection (c), when a married person domiciled in this Commonwealth dies, his surviving spouse has a right to an elective share of one-third of the following property:

"(1) Property passing from the decedent by will or intestacy.

"(2) Income or use for the remaining life of the spouse of property conveyed by the decedent during the marriage to the extent that the decedent at the time of his death had the use of the property or an interest in or power to withdraw the income thereof.

"(3) Property conveyed by the decedent during his lifetime to the extent that the decedent at the time of his death had a power to revoke the conveyance or to consume, invade or dispose of the principal for his own benefit.

"(4) Property conveyed by the decedent during the marriage to himself and another or others with right of survivorship to the extent of any interest in the property that the decedent had the power at the time of his death unilaterally to convey absolutely or in fee.

"(5) Survivorship rights conveyed to a beneficiary of an annuity contract to the extent it was purchased by the decedent during the marriage and the decedent was receiving annuity payments therefrom at the time of his death.

"(6) Property conveyed by the decedent during the marriage and within one year of his death to the extent

that the aggregate amount so conveyed to each donee exceeds $3,000, valued at the time of conveyance."

(2) Pennsylvania law does not favor forfeitures, and therefore the person alleging the forfeiture bears the burden of proving that the heir taking by will or through a statute is undeserving. *In re Estate of Fonos,* 698 A.2d 74, 76 (Pa. Super. 1997).

(3) 20 Pa.C.S. §2106 states: "Forfeiture—(a) Spouse's share.—A spouse who, for one year or upwards previous to the death of the other spouse, has willfully neglected or refused to perform the duty to support the other spouse, or who for one year or upwards has willfully and maliciously deserted the other spouse, shall have no right or interest under this chapter in the real or personal estate of the other spouse."

## DISCUSSION

Executrix asks this court to find that petitioner willfully neglected decedent for more than a year prior to his death. Executrix bases this allegation on the fact that petitioner did not live with decedent for a period of eight-nine months before decedent's death. However, not only does this not meet the statute's requirement of abandonment in excess of one year, this court does not believe that the character of the separation of petitioner and decedent was that of abandonment.

Pennsylvania law does not favor forfeitures, and therefore the person alleging the forfeiture bears the burden of proving that the heir taking by will or through a statute is undeserving. *In re Estate of Fonos,* 698 A.2d 74,

76 (Pa. Super. 1997). After leaving the marital farm, petitioner lived for a brief time with the Singers and soon afterward went to live with her son. Petitioner had health problems and exhibited signs of dementia. Given these issues the court cannot find that petitioner abandoned her marital duties, especially since she visited decedent during the last days of his life.

Executrix also asks the court to determine that the farm is not among property that petitioner should be able to elect. Executrix cites to *Cost v. Kaletri,* 483 Pa. 11, 394 A.2d 513 (1978) to make her legal argument. However, *Cost* was decided two years prior to the governing statute in this case, 20 Pa.C.S. §2203. The statute specifically deals with transfers of property of $3,000 or more which are made within one year of a decedent's death. That is precisely the situation presented to the court at this time. The property was conveyed in its entirety to executrix sometime in January 2006, which was well within one year prior to decedent's death. Therefore, petitioner is entitled to one half of the interest decedent transferred to executrix within one year of his death.

The valuation of the property was also at issue in this case. Petitioner had an expert, John Curtin, determine the value of the farm. He concluded that the farm was worth $3,000 per acre, or a total of $333,000. Executrix claims that this valuation was incorrectly reached, and that the actual value of the property was much less than Mr. Curtin determined. However, executrix bases her valuation off of a Centre County assessment which took place in 1994. She had ample notice that the petitioner was going to acquire a current and independent valuation and chose not to have her own appraisal performed. Due

to the lack of evidence of any reasonable assessment of the property brought forth by the executrix, the court has only one current assessment to use in determining the value. As such, we defer to the expert, John Curtin's, valuation of the farm. Therefore the court finds that the value of the decedent's farm at the time of his death was $333,000.

Given this valuation, the court determines that petitioner is entitled an elective share of the farm in the amount of $54,500. This number is reached by taking the value of the farm divided by two, subtracting the statutory $3,000 and multiplying that amount by one third ($333,000/2=$166,500-$3,000=$163,500/3= $54,500). Additionally, petitioner is entitled to one third of the value of decedent's cash on hand and checking account at the time of his death, or $2,392.41 ($121+ $7,056.23=$7,177.23/3=$2,392.41). In total, petitioner is entitled to an amount of $56,892.41 from decedent's estate.

## ORDER

And now, November 20, 2007, after a trial on the matter and a review of the parties' briefs, the court grants petitioner's petition for award of elective share. Petitioner is awarded $56,892.41 from decedent's estate to be paid to petitioner by Patsy Singer as the executrix of the estate of Grover C. McCloskey.